## O'SHEA et al. v. BRILL.

### (Supreme Court, Appellate Term. March 5, 1908.)

1. BROKERS—ACTIONS FOR COMMISSION—EVIDENCE—SUFFICIENCY.
  In an action for commissions, though the purchaser did not agree with plaintiffs to pay the full price asked by defendant, if it can be inferred that the final agreement between defendant and the purchaser for a sale at a price closely adjusted to the difference in what plaintiffs caused to be asked and offered was due to plaintiffs' exertions in finding the purchaser and bringing him and defendant to a point where no further influence on the purchaser's mind was needed, the evidence will warrant

a finding that plaintiffs' efforts were the procuring cause of the sale, and will sustain a recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116, 117.]

**2. SAME—ADMISSIBILITY OF EVIDENCE.**

In an action by a broker for commissions, conversations between the purchaser or vendor and another broker after a sale is completed are neither competent nor material.

Appeal from City Court of New York, Trial Term.

Action by John J. O'Shea and another against Edward E. Brill on a brokerage contract. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Edward W. Drucker, for appellant.
Jacob Friedman, for respondents.

BISCHOFF, J. The evidence justified the jury's finding that the plaintiffs' efforts were the procuring cause of the sale. While the purchaser had not agreed with these brokers to give the full price asked by the defendant, the inference is quite permissible that the final agreement between vendor and purchaser, for a sale at a price closely adjusted to the difference in what the plaintiffs caused to be asked and offered, was due to the exertions of the latter in finding the purchaser and in bringing the parties to a point where no more influence upon the purchaser's mind was needed. The question was one of fact and of the reasonable inferences to be drawn from the facts, and we cannot say that the preponderance of evidence was not fairly with the plaintiffs' side of the case.

Certain rulings in the exclusion of evidence are referred to by counsel as presenting reversible error, but we fail to find that error was committed. Certainly the conversations between the purchaser or the vendor and another broker, after the sale, were in no way competent or material, and the other rulings to which our attention is called were properly made because the questions were either too indefinite to touch the issue, or called for incompetent evidence.

The judgment should be affirmed, with costs.

GILDERSLEEVE, J., concurs. MacLEAN, J., favors affirmance without opinion.